**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHEILA TANYI TAKANG, | Case No. 5:26-cv-01798-RAO |
| Petitioner, | |
| v. | **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |
| MARKWAYNE MULLIN, *et al*., | |
| Respondents. | |

I.      **INTRODUCTION**

On April 12, 2026, Sheila Tanyi Takang ("Petitioner"), represented by counsel, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Todd Blanche, Acting Attorney General of the United States; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); and Warden of Adelanto Detention Center (collectively, "Respondents").  Dkt. No. 1 ("Pet.").

On April 17, 2026, the matter was assigned to the undersigned for final disposition. *See* Dkt. Nos. 3, 6.  On April 20, 2026, Respondents filed an Answer to the Petition ("Answer").  Dkt. No. 8 ("Ans.").  Petitioner filed a Reply to

Respondents' Answer ("Reply") on April 20, 2026. Dkt. No. 9.

For the following reasons, the Petition is GRANTED IN PART.

## II.      BACKGROUND

The Court incorporates by reference the facts from the Petition. *See* Pet. ¶¶ 18–24. On April 12, 2026, Petitioner, represented by counsel, filed the instant Petition against Respondents. *See generally* Pet. Petitioner contends she was unlawfully re-detained after release, in violation of her Fifth Amendment due process rights. *Id.* Petitioner seeks, *inter alia,* her immediate release from immigration detention with a corresponding order enjoining Respondents from re-detaining her during the pendency of her removal proceedings absent written notice and a hearing prior to re-detention where Respondents must prove by clear and convincing evidence that the Petitioner is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks. *Id.* at 13–14. Petitioner is currently detained by ICE at the Adelanto ICE Processing Center within this District. *Id.* ¶ 3.[1]

Petitioner voluntarily consented to proceed before a magistrate judge and the time for the government to withdraw consent under General Order 26-05 passed, therefore, the case is proceeding before the undersigned magistrate judge for all purposes including final disposition. *See* Dkt. Nos. 3, 6.

On April 20, 2026, Respondents filed an Answer to the Petition. *See* Ans. Petitioner filed her Reply to Respondents' Answer to her Petition for Writ of Habeas Corpus on April 20, 2026. *See* Reply.

///

///

///

---

[1] The publicly available ICE records reflect that the Petitioner is currently detained by ICE at the Adelanto ICE Processing Center within this District.

**III.   LEGAL STANDARD**

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The statute does not require a person to be physically imprisoned to be in custody; rather, habeas relief is available where the person is subject to "restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

**IV.   DISCUSSION**

Petitioner contends she was unlawfully re-detained after release, in violation of her Fifth Amendment due process rights. *See generally* Pet.   Respondents indicated in their Answer that they "are not presenting an opposition argument at this time." Ans. at 2.   In Petitioner's Reply, she acknowledges Respondents' non-opposition and requests that the Court order her immediate release. *See* Reply at 3–5.   For the reasons set forth below, the Court finds that Petitioner's re-detention is unlawful under the Fifth Amendment.

**A.   The Court has Jurisdiction**

Petitioner contends she was unlawfully re-detained after her release from immigration custody, in violation of her Fifth Amendment due process rights. *See generally* Pet.   Respondents do not contest this Court's jurisdiction over the Petition. *See* Ans.

As the Court has an obligation "to determine that [it has] jurisdiction before proceeding to the merits" of any case, it will first address whether it has jurisdiction over Petitioner's claims. *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

///

///

///

///

3

Here, Petitioner seeks review of the legality of her detention. *See generally* Pet. Petitioner's due process claim challenges her re-detention, without any notice, any reasons given for the revocation, or any opportunity to argue why she should be permitted to remain at liberty. *See* Pet. ¶¶ 22–24. Accordingly, as other courts in this Circuit have found in similar cases, the Court has jurisdiction to hear Petitioner's claims that her detention is unlawful under 28 U.S.C. § 2241. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (finding that the court would have jurisdiction under § 2241 to consider errors of law in immigration detention, including due process violations); *Hernandez v. Session*, 872 F.3d 976, 986 (9th Cir. 2017) (finding that the court had jurisdiction to hear constitutional claims about immigration detention under § 2241); *M.R. v. LaRose*, No. CV 25-3710 JLS (BLM), 2026 WL 40839, at *2 (S.D. Cal. Jan. 6, 2026) (similar); *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *1 n.1 (E.D. Cal. July 14, 2025) (similar); *see also Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (concluding that § 1252(g) does not impose a jurisdictional bar to petitioner's claims regarding constitutional violations).

In sum, the Court has jurisdiction.

**B.     Petitioner Prevails on her Due Process Claim**

Petitioner argues her re-detention without notice and a hearing violates her procedural due process rights. *See* Pet. ¶¶ 25–38. The Court agrees.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted). Due process protections apply to noncitizens inside the United States, "whether their presence here is lawful, unlawful, temporary, or permanent," and

including those subject to a final order of deportation.  *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001).  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Id*. at 690.  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property."  *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).  Although the government may have discretion over the initial decision to detain or release a noncitizen, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that noncitizen may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release].'"  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).  "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."  *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, No. CV 22-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution."  *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).  The Court analyzes each step in turn.

///

///

///

///

5

Here, Petitioner was released from Respondents' custody in June 2023, after she entered the United States on June 15, 2023.  Pet. ¶¶ 2, 18, 19.  Petitioner was released for the purpose of pursuing immigration relief.  *Id.* ¶ 2.  Petitioner has undertaken good-faith efforts to comply with the terms of her release.  *See id.* Specifically, Petitioner has submitted an I-589 Application for Asylum and Withholding of Removal and built a life in the United States.  *Id.*  Additionally, Petitioner does not have criminal convictions in the United States or elsewhere.  *Id.* Respondents do not posit that Petitioner violated the conditions of her release.  *See generally* Ans.  Further, Petitioner argues that prior to her re-detention Respondents did not notify Petitioner that her release had been revoked.  *See id.* ¶ 32.  Petitioner further asserts that Respondents have not afforded Petitioner an opportunity to contest her re-detention.  *Id.*  In sum, Petitioner explains that since her release, she has established a life with her family in the United States, developed a supportive network in the United States, and fulfilled the conditions of release to the best of her ability.  *Id.* ¶¶ 2, 21.  Petitioner thus has a protected liberty interest in her continued freedom.  *See M.R. v. LaRose*, No. CV 25-3710 JLS (BLM), 2026 WL 40839, at *2 (S.D. Cal. Jan. 6, 2026) (finding the petitioner had a protected liberty interest in remaining out of custody where she was determined not to be a danger to the community or a flight risk, was released, and complied with all conditions of her release); *Noori v. LaRose*, No. CV 25-1824-GPC (MSB), 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year.  This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal.").

///

///

///

6

Given Petitioner's protected liberty interest, the Court must determine what procedural protections are due to protect that liberty interest. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). This requires balancing the three factors the Supreme Court set forth in *Mathews*. Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id*.

With respect to the first factor, Petitioner has a substantial private interest in remaining out of immigration custody. Petitioner gained a liberty interest in her continued freedom when she was initially released from immigration custody. Prior to her recent detention, Petitioner had been out of custody for over two years, and during that time, established a life in the United States and made good faith efforts to comply with the terms of her release. *See* Pet. ¶¶ 2, 3, 19, 21. Her re-detention denies her that freedom. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." (citation omitted)). The Court thus finds that Petitioner has a significant private interest in her continued liberty, and accordingly, the first *Mathews* factor favors Petitioner.

///

///

///

///

///

///

7

With respect to the second factor, the risk of erroneous deprivation is significant because Petitioner has not been afforded an opportunity to contest her detention.  *See* Pet. ¶¶ 3, 32.  In September 2025, Respondents took Petitioner into immigration custody without notice or warning.  *Id.* ¶¶ 20, 22.  Compounding that lack of process, there is no evidence that Petitioner has been afforded an opportunity to contest her detention before a neutral decisionmaker.  *Id.* ¶¶ 3, 32.  There is no evidence that Respondents employed any procedural safeguards before re-detaining Petitioner.  Without an initial justification for re-detention or an opportunity to contest her detention before a neutral decisionmaker, the risk of erroneous deprivation is high.  *See Fernandez Lopez v. Wofford*, No. CV 25-1226-KES, 2025 WL 2959319, *6 (E.D. Cal. 2025) ("[T]he risk of an erroneous deprivation [of liberty] is high where, as here, [the petitioner] has not received any bond or custody redetermination hearing." (cleaned up)); *Pinchi*, 792 F. Supp. 3d at 1035 (finding the risk of erroneous deprivation was significant where neither party "had an opportunity to determine whether there is any valid basis for [the petitioner's] detention"); *Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026) (noting post-deprivation relief could result in the petitioner's indefinite detention "without any process").  Given the absence of any procedural safeguards to determine if Petitioner's re-detention was justified, the value of additional procedural safeguards is high.  *See A.E. v. Andrews*, No. CV 25-107-KES (SKO), 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  The second *Mathews* factor thus weighs in Petitioner's favor because the risk of erroneous deprivation of Petitioner's liberty is high.

///

///

///

///

8

With respect to the third factor, Respondents' interest in re-detaining Petitioner without notice, reasoning, and an opportunity to be heard is low. Respondents have identified no legitimate interest that would support the specific detention of Petitioner. Indeed, as already noted, Respondents have made no arguments in opposition to the Petition. *See* Ans. The Court finds that the Respondents' interest in re-detaining Petitioner without providing her with notice and an opportunity to be heard is minimal because the effort and cost required to provide Petitioner with those procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). The third *Mathews* factor weighs in Petitioner's favor.

On balance, the *Mathews* framework weighs strongly in favor of Petitioner. In light of the profound liberty interest at stake, the high risk of erroneous deprivation, and Respondents' failure to show a significant interest in Petitioner's detention, Petitioner is entitled to more process than she received. *See Mathews*, 424 U.S. at 335. Having concluded that Petitioner is entitled to more process than she was provided, and considering Respondents' non-opposition to the Petition, the Court grants the Petition in part and will order Petitioner's immediate release. *See Mumaev v. Semaia*, No. CV 25-3409-FLA (MAR), 2026 WL 530765, at *7 (C.D. Cal. Feb. 20, 2026) (finding that petitioner was entitled to release because petitioner's re-detention violated his procedural due process rights); *Medrano-Rocha v. Santacruz*, No. CV 26-404-KK (AGR), 2026 WL 411355, at *7 (C.D. Cal. Jan. 23, 2026) (similar). The Court also enjoins Respondents from re-detaining Petitioner in a manner that is inconsistent with its regulations, the Constitution, and the laws of the United States.

///

///

///

///

## V.   ATTORNEY'S FEES

Petitioner requests costs and reasonable attorney's fees in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  Pet. at 14.  The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within thirty days of final judgment in this action.  *See* 28 U.S.C. § 2412(d)(1)(B).

## VI.   CONCLUSION

For the foregoing reasons, Petitioner's Petition for a writ of habeas corpus is **GRANTED IN PART**.  IT IS HEREBY ORDERED THAT:

- Respondents are ORDERED to immediately release Petitioner from their custody and place her on the same conditions as previously imposed;
- Respondents are ENJOINED from re-detaining Petitioner in a manner inconsistent with their regulations, the Constitution, and the laws of the United States; and
- Respondents are ORDERED to file a status report substantiating compliance with this Order by April 27, 2026.


IT IS SO ORDERED.

DATED: April 23, 2026

Rozella A. Oliver
_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

10